UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────
THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

                Plaintiff,

-against-

NORGUARD INSURANCE COMPANY,

                Defendant.
───────────────────────────────

**MEMORANDUM & ORDER**
**23-CV-7272 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is an indemnification lawsuit brought by the Travelers Indemnity Co. of America ("Travelers") in September 2023 against NorGUARD Insurance Company ("NorGUARD").[1] Both parties have now filed cross motions for summary judgment. (*See* Def.'s Mem. for Summ. J. ("Def.'s Mot.") (Dkt. 33)); Pl.'s Mem. for Summ. J. ("Pl.'s Mot.") Dkt. 36.) Because the two insurance policies at issue hold NorGUARD financially responsible, the court GRANTS IN PART Travelers' motion and DENIES IN FULL NorGUARD's motion.

**I. BACKGROUND**

This action arises out of an underlying personal injury suit (the "Underlying Action") in the Supreme Court of the State of New York, County of Queens, in which Travelers is defending property owner Five Star Associates, LLC ("Five Star") as its insurer.[2] (Pl.'s

---

[1] Travelers is incorporated and has its principal place of business in Connecticut. (Compl. (Dkt. 1) ¶ 3.) NorGUARD is incorporated and has its principal place of business in Pennsylvania. (Compl. ¶ 4; Answer (Dkt. 11) ¶ 4.) Travelers claims an excess of $75,000 in total damages. (Compl. ¶ 5.) Thus, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 have been met.

[2] *See generally Lopez v. Five Star Assocs.*, Index No. 702240/2021 (Sup. Ct. Queens Cnty.).

Mot. at 1-2.) On January 9, 2021, an incident occurred on that property, which Five Star leased to Marcelin 5 Auto Center Inc. ("Marcelin").[3] (Pl.'s Loc. R. 56.1 Stmt. of Mat. Facts ("Pl.'s R. 56.1 Stmt.") (Dkt. 36-20) ¶ 5, 10, 21; Def.'s Loc. R. 56.1 Stmt. of Mat. Facts. ("Def.'s R. 56.1 Stmt.") (Dkt. 33-11) ¶ 6.) In that incident, Andres Lopez alleges that he sustained injuries while performing maintenance work on the leased premises. (Pl.'s R. 56.1 Stmt. ¶¶ 2, 5, 10.) He then sued Five Star as the property owner to recover damages for his injuries. (Pl.'s R. 56.1 Stmt. ¶ 2; Def.'s R. 56.1 Stmt. ¶¶ 6, 8.)

What followed is this indemnification lawsuit, which concerns the interplay between two insurance policies. The first is a commercial general liability insurance policy issued by NorGUARD for Marcelin (the "NorGUARD Policy"). (Pl.'s R. 56.1 Stmt. ¶ 28 Def.'s R. 56.1 Stmt. ¶ 2.) That policy "provides coverage for bodily injury that takes place during the policy period and is caused by an accident." (*See also* Pl.'s R. 56.1 Stmt. ¶ 29; Def.'s R. 56.1

---

[3] The following facts are drawn from the parties' respective Local Civil Rule 56.1 statements and the true and accurate copies of the documents relied on in and attached to those statements and the parties' briefing. *See* Fed. R. Civ. P. 56.1(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."). Unless otherwise noted, these facts are not in dispute. To the extent an assertion or denial of fact is not supported by admissible evidence, the court disregards that assertion or denial. *See* Joint Local Rs., S.D.N.Y. & E.D.N.Y. Loc. Civ. R. 56.1(d) ("Each statement by the movant or opponent under Rule 56.1(a) and (b), including each statement denying and controverting any statement of material fact, must be followed by citation to evidence that would be admissible."); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[W]here there are no citations or where the cited materials do not support the factual assertions in the [Rule 56.1] Statements, the Court is free to disregard the assertion[s]."), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).

Stmt. ¶ 3.) Five Star contends that the NorGUARD Policy also provides it coverage as an "additional insured" party, whom the policy protects for liability "arising out of the ownership, maintenance or use of the premises leased." (Pl.'s Mot. at 1, 8; *see also* Pl.'s R. 56.1 Stmt. ¶ 30.) The second insurance policy is one that Five Star has independently received from Travelers (the "Travelers Policy"). That policy covers liability in "excess over . . . [a]ny other coverage available" to Five Star where it "ha[s] been added as an 'additional insured.'" (Pl.'s Mot. at 9; *see also* Pl.'s R. 56.1 Stmt. ¶ 33; Def.'s R. 56.1 Stmt. ¶ 31.)

On September 13, 2021, shortly after Lopez's injury, Travelers sought to enforce the NorGUARD Policy on Five Star's behalf. (Pl.'s R. 56.1 Stmt. ¶ 34.) On August 25, 2022, NorGUARD declined coverage. (Pl.'s R. 56.1 Stmt. ¶ 37.) And on September 29, 2023, Travelers filed this suit. (*See generally* Compl. (Dkt. 1)) It seeks a declaratory judgment that the NorGUARD Policy covers Five Star for Lopez's accident, along with costs related to its defense of Five Star in the Underlying Action. (Compl. ¶¶ 2, 30.)[4]

Two years of litigation ensued. On June 27, 2025, both Travelers and NorGUARD filed cross-motions for summary judgment. (Def.'s Mot.; Pl.'s Mot.) Those motions are now before the court.

## II. CROSS MOTIONS FOR SUMMARY JUDGMENT

NorGUARD and Travelers each raise several arguments that touch on both federal jurisdiction and the case's underlying merits. The court now lists those arguments in turn.[5]

---

[4] Because NorGUARD has denied coverage, Travelers has paid and continues to pay for Five Star's defense in that action. It represents to the court that it "continues to incur expenses in the course of that defense, presently totaling approximately $58,787.04." (Pl.'s R. 56.1 Stmt. ¶ 43.)

[5] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted and all alterations are adopted.

### A. NorGUARD's Arguments

For its part, NorGUARD raises three sets of arguments. First, it admonishes the court that this case is unripe. And even if it were not, NorGUARD asks the court to exercise its discretion to refuse jurisdiction on the basis of a 6-factor test outlined in *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99-100 (2d Cir. 2023).[6] (Def.'s Mot. at 5-9.)

Second, NorGUARD observes that Five Star technically is not named as an "additional insured" party in the NorGUARD Policy. As it notes, the policy names "Five Star Association" as the additional insured, not "Five Star Associates, LLC." (Def.'s Mot. at 9; Def.'s R. 56.1 Stmt. ¶ 3.) But putting that error aside, NorGUARD also argues that Five Star is not covered under its policy because the underlying accident did "aris[e] out of" Marcelin's "the ownership, maintenance or use" of the premises. (Def.'s Mot. at 5.)

Third, NorGUARD claims that the Underlying Action falls under an "exclusion" of coverage for "[s]tructural alterations, new construction or demolition . . . ." (Def.'s Mot. at 10; Def.'s R. 56.1 Stmt. ¶ 3.) NorGUARD argues that because Lopez claims he was injured due to Five Star's negligence in the "erection, demolition, repairing, altering, painting, cleaning or pointing, ownership, operation, maintenance, management, direction, supervision,

---

[6] *Admiral Insurance Co.* lays out the following six factors to determine whether to exercise jurisdiction over a declaratory judgement action: "(1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for 'judicial efficiency' and 'judicial economy' favor declining to exercise jurisdiction." 57 F.4th at 99-100.

possession, control, construction, rehabilitation and/or alteration" of the property, the incident is excluded. (Def.'s Mot. at 10-11; *see* Def.'s R. 56.1 Stmt. ¶ 6.)

### B. Travelers's Arguments

Travelers sees things differently. Regarding jurisdiction, it argues that a declaratory judgment that "NorG[UARD] owes the duty to indemnify Five Star is not premature" because the accident "falls squarely within the scope of coverage available under the NorG[UARD] Policy." (Pl.'s Mot. at 21.) Thus, "even though there has [not yet] been a finding of negligence" in the Underlying Action, Travelers contends that "a declaration" in this action "as to the insurer's general duty to indemnify the landlord . . . may be made at this juncture." (Pl.'s Mot. at 20 (collecting cases).)

Next, Travelers argues that the NorGUARD Policy naming "Five Star Association" as the additional insured, not "Five Star Associates, LLC" was a mere scrivener's error. Thus, according to Travelers, the error does not remove coverage for Five Star. (Pl.'s Mot. at 13-15; Pl.'s R. 56.1 Stmt. ¶ 30.)

Travelers also contends that the text of the NorGUARD Policy, along with New York state court precedent, provide it coverage. Specifically, Travelers homes in on the policy's phrase "arising out of."[7] (Pl.'s Mot. at 15-17; Pl.'s R. 56.1 Stmt. ¶ 30.) It maintains that this language is properly understood to mean "originating from, incident to, or having connection with." (Pl.'s Mot. at 15 (collecting cases).) Thus, Travelers concludes that because there is a causal connection between Five Star's "ownership, operation, and maintenance, among other things, of

---

[7] As discussed, the NorGUARD policy extends coverage to accidents that "aris[e] out of the ownership, maintenance or use of that part of the [leased] premises." (Def.'s Mot. at 8; *see* Def.'s R. 56.1 Stmt. ¶ 6.)

the premises" and Lopez's injury, the incident falls within the NorGUARD Policy's coverage. (Pl.'s Mot. at 17-18.)

For these reasons, Travelers seeks reimbursement from NorGUARD for all costs accrued after September 13, 2021, when it "tendered the defense and indemnification of Five Star to NorG[UARD]" in its first effort to enforce the NorGUARD Policy. (Def.'s Resp. in Opp. to Pl.'s Mot. for Summ. J. ("Def.'s Opp.") (Dkt. 34) at 10; Pl.'s R. 56.1 Stmt. ¶ 30.) By its count, those costs "total[] approximately $58,787.04, and [are] continuing to rise." (Pl.'s R. 56.1 Stmt. ¶ 43.)

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir.2008). "A fact is material if it might affect the outcome of the suit under the governing law." *Id.*

### IV. ANALYSIS

The court determines that this case is justiciable and the NorGUARD Policy provides coverage for Lopez's Underlying action. But more information is required to reward Travelers the compensation it seeks. The following discussion explains why.

6

### A. Justiciability and Jurisdiction

"To be justiciable, a cause of action must be ripe—it must present 'a real, substantial controversy, not a mere hypothetical question.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (quoting *AMSAT Cable Ltd. v. Cablevision of Conn.*, 6 F.3d 867, 872 (2d Cir. 1993)). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). Even if ripe, however, the court may nonetheless decline to exercise its jurisdiction over declaratory judgment actions. *Admiral Ins.*, 57 F.4th at 99-100.

Travelers's claim is ripe for judicial resolution. As it explains, there is no dispute that Five Star—a named defendant in the Underlying Action—was the sole owner of the property at issue. (Pl.'s R. 56.1 Stmt. ¶ 21; Pl.'s Mot. at 14; Def.'s Opp. at 4.) It therefore does not "rest[] upon contingent future events" whether or not Five Star is the target of Lopez's Underlying Suit. *See Texas*, 523 U.S. at 300. NorGUARD's reliance on *Admiral Insurance* in response is misplaced. *See* 57 F.4th at 99-100. The plaintiff in that case requested a declaratory judgment of indemnification for a potential future underlying action. Here, by contrast, Lopez has already filed suit for his injuries and named Five Star as a defendant. (Def.'s Opp. at 12-13; Pl.'s R. 56.1 Stmt. ¶ 2.) In such a circumstance, "a court need not wait for a determination of liability in the underlying action to decide[] whether there is[] a controversy over [the insurer's] obligations under the policy." *Union Mut. Fire Ins. Co. v. 142 Driggs LLC*, No. 23-CV-2629 (NGG) (LB), 2024 WL 302256, at *4 (E.D.N.Y. Jan. 25, 2024). Instead, "the [c]ourt focuses on whether there is pending litigation or the likelihood of future litigation that may require [the] plaintiff to indemnify [the defendant]." *United States Underwriters Ins. Co. v. Image By J & K, LLC*, 335 F. Supp. 3d 321, 346 n.17 (E.D.N.Y. 2018). The court may therefore choose to exercise jurisdiction over this case.

In determining whether to exercise that jurisdiction, the six factors laid out in *Admiral Insurance* test weigh against dismissal. *See* 57 F.4th at 99-100. Indeed, another court of this circuit considered an argument similar to NorGUARD's and saw "no reason to decline to exercise jurisdiction over [a] declaratory judgment claim." *Harleysville Ins. Co. v. Certified Testing Lab'ys Inc.*, 681 F. Supp. 3d 155, 166 (S.D.N.Y. 2023). Here, like in *Harleysville*,

> Declaratory judgment here will serve a useful purpose in settling [NorGUARD's] duties to [Travelers] and . . . will relieve the parties of uncertainty over the coverage issue. Meanwhile, there is no indication that [Travelers] is engaging in procedural gamesmanship, that entry of declaratory judgment here conflicts with proceedings in the Underlying Action, that there is a better or more effective remedy, or that exercising jurisdiction will disserve judicial efficiency or economy.

*Id.* (citing *Admiral Ins. Co.*, 57 F.4th at 99-100). Thus, the court exercises its jurisdiction to proceed to the merits of this case.

### B. The NorGUARD Policy's Applicability

The NorGUARD Policy provides Five Star coverage for Lopez's Underlying Action. As an initial matter, it is of no consequence that the policy happens to name "Five Star Association" as the additional insured, not "Five Star Associates, LLC." (Def.'s R. 56.1 Stmt. ¶ 3; Def.'s Opp. at 9.) New York law accounts for scenarios like this, in which an insured is misidentified on an insurance policy due to a party's unilateral mistake. Multiple state courts have held that it is appropriate to read the correct name into the policy under these circumstances. *See, e.g., Wesco Ins. v. Fulmont Mut. Ins.*, 216 A.D.3d 501, 502-03 (1st Dep't 2023) ("The name of the insured in the policy is not dispositive if the intent to cover the risk, as here, is clear."); *137 Broadway Assocs., LLC v. 602 W. 137th Deli Corp.*, 40 Misc. 3d 1218(A) (Sup. Ct. N.Y. Cnty.

8

July 26, 2013) (holding that an insurer owed coverage to the correct lessor of the property as it is agreed to in the policy, notwithstanding that the policy mistakenly named another party). The same principles readily apply here. The NorGUARD Policy elsewhere clarifies that it covers the risk of lessor liability arising out of the ownership, maintenance or use of the premises at issue. (*See* Def.'s R. 56.1 Stmt. ¶ 6.) It specifically identifies the sole owner, manager and lessor of the premises, as "Five Star Associates LLC." (*Id.*; Def.'s Opp. at 5-6.) Its separate mention of "Five Star Associates, LLC" was therefore a scrivener's error without legal effect.

Moving to the heart of the case, the NorGUARD Policy provides coverage for the Underlying Action because that action "aris[es] out of" Lopez's injury. As Travelers explains, New York courts have consistently interpreted the same contractual language broadly to mean "originating from, incident to, or having connection with." (Pl.'s Mot. at 21; *see, e.g.*, *Fireman's Fund Ins. Co. v. State Nat'l Ins. Co.*, 180 A.D.3d 118 (1st Dep't 2019) (holding that coverage was still owed to plaintiff's insured on the basis that the incident "arose out of [the insured's] operations of painting the steps and the floor."); *Regal Constr. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 15 N.Y.3d 34, 38 (2010) ("[T]he focus of the inquiry 'is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained'" (quoting *Worth Constr. Co., Inc. v. Admiral Ins. Co.*, 10 N.Y.3d 411, 416 (2008))).) Under that permissive standard, an "additional insured's" own liability is immaterial. *Turner Constr. Co. v. Kemper Ins. Co.*, 485 F. Supp. 2d 480, 487-88 (S.D.N.Y. 2007). An incident can still "arise out of" a subcontractor's work, "even when [the] injuries were solely attributable to the additional insured's negligence." *Id.* (citing *Consol. Edison Co. of N.Y. v. U.S. Fid. & Guar. Co.*, 266 A.D.2d 9, 9 (1st Dep't 1999); *Lim v. Atlas–Gem Erectors Co., Inc.*, 225 A.D.2d 304, 305 (1st Dep't 1996); *Consol. Edison Co. v. Hartford Ins. Co.*, 203 A.D.2d

9

83, 83 (1st Dep't 1994)). To satisfy that standard, Travelers is only required to demonstrate that NorGUARD knew of allegations or facts evincing some connection between Lopez's accident and Marcelin's "maintenance," "use," or ownership of the premises. *Tech. Ins. Co., Inc. v. Phila. Indem. Ins. Co.*, 2022 WL 17177852, at *9 (S.D.N.Y. Nov. 23, 2022).

Travelers has plainly met that requirement here. In Lopez's complaint bringing the Underlying Action, he alleges that he was injured while working on premises that Five Star leased to Marcelin and that his injury was due to Marelin's negligence in maintaining and controlling that property. (Pl.'s Mot. at 18; Pl.'s R. 56.1 Stmt. ¶ 5.) In response, NorGUARD's arguments fall flat because they fail to refute a simple point: Lopez's suit concerns Marcelin's maintenance and control of the premises. (*See* Def.'s Mot. at 6-8; Pl.'s R. 56.1 Stmt. ¶ 5.) NorGUARD therefore fails to raise a genuine dispute of material fact regarding its duty to indemnify Travelers for the Underlying Action. *See Columbia Univ.*, 224 F.3d at 41.

NorGUARD's invocation of the NorGUARD Policy's "structural alteration exclusion" is also unavailing.[8] "[T]o negate coverage by virtue of an exclusion," an insurer "must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case." *Belt Painting Corp. v. TIG Ins. Co.*, 100 N.Y.2d 377, 383 (2003); *see also Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006). Apart from "altering" and "demolition" of the premises, Lopez sets forth several alternative theories as to the type of

---

[8] That exemption excludes from coverage accidents arising out of "structural alterations, new construction or demolition performed by or for" the insured parties. (Def.'s R. 56.1 Stmt. ¶ 3.)

work that gave rise to his accident.[9] (Def.'s Opp. at 7; *see also* Def.'s R. 56.1 Stmt. ¶ 3.) None of these alternatives fall within the scope of the structural alteration exclusion. When, like here, other "claims against the insured arguably arise from covered events, the insurer is required to defend the entire action." *One Reason Rd., LLC v. Seneca Ins. Co., Inc.*, 163 A.D.3d 974, 975 (2d Dep't 2018) (citing *Seaboard Sur. Co. v. Gillete Co.*, 64 N.Y.2d 304, 310 (1984) (holding it to be immaterial that "the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions")).

Given that NorGUARD fails to adequately dispute that the NorGUARD Policy covers the Underlying Action, it provides primary coverage over the Travelers Policy. As Travelers explains, when "the same risk is covered by two or more policies . . . priority of coverage . . . among the policies is determined by comparison of their respective 'other insurance' clauses." (Pl.'s Mot. at 21 (quoting *Sport Rock Int'l, Inc. v. Am. Cas. Co. of Reading*, 65 A.D.3d 12, 18 (1st Dep't 2009).) The Travelers Policy's relevant "other" provisions state that "coverage under the Travelers Policy is [for] excess [liability] over any other insurance 'available to the insured when the insured is added as an additional insured under such other insurance.'" (Pl.'s Mot. at 21; Pl.'s R. 56.1 Stmt. ¶ 33.) Accordingly, the NorGUARD Policy's coverage obligations come first, and the Travelers Policy's coverage only kicks in when supplemental coverage is needed. (Pl.'s Mot. at 21 (citing *Vill. of Brewster v. Va. Sur. Co., Inc.*, 70 A.D.3d 1239, 1242-43 (3d Dep't 2010); *see* Pl.'s R. 56.1 Stmt. ¶ 33.)

---

[9] These include including "repairing," "painting," "cleaning," "pointing," "operation," "maintenance," "management," "direction," "supervision," "possession," "control," "construction," "supervision," "direction," "renovation," and "rehabilitation" of the premises. (Def.'s Opp. at 7; *see also* Def.'s R. 56.1 Stmt. ¶ 3.)

11

### C. Costs of Five Star's Defense

A prevailing party seeking indemnification may recover costs that follow the responsible insurer's incorrect determination that coverage was lacking. *See, e.g., M & M Realty of N.Y. v. Burlington Ins. Co.*, 170 A.D.3d 407, 408 (1st Dep't 2019) (obliging one insurer to indemnify another for "defense costs" because the indemnifying policy covered "an additional insured"); *Colony Ins. Co. v. Merchs. Preferred Ins. Co.*, No. 19-CV-4409 (ENV) (SJB), 2021 WL 12102078, at *8 (E.D.N.Y. June 20, 2021) (ordering reimbursement in a collateral action establishing one insurer's obligations to another); *Travelers Indem. Co. of Conn. v. Selective Fire and Cas. Co.*, 664 F. Supp. 3d 427, 437 (S.D.N.Y. 2023) (same). NorGUARD made that adverse determination on August 25, 2022, when it denied Travelers' request to enforce coverage. (Pl.'s Mot. at 9-10; Pl.'s R. 56.1 Stmt. ¶ 37.) Travelers is therefore entitled reimbursement for all defense costs after that date.[10]

However, Travelers must show its work if it wants this court to award its reimbursement. *See, e.g., Travelers Indem. Co. of Conn.*, 664 F. Supp. 3d at 437 (declining to reward costs because, "beyond [an] affidavit, Travelers has provided no documentary evidence of the defense costs it has actually incurred"). Like in *Travelers*, "it appears an inquest on damages will be necessary unless" NorGUARD and Travelers "can reach agreement with respect to the amount of defense costs owed." *Id.*

---

[10] As mentioned above, Travelers wants more. It seeks attorneys' fees for all costs following September 13, 2021, when it "tendered the defense and indemnification of Five Star to NorG[UARD]" in its first effort to enforce the NorGUARD Policy. (Def.'s Opp.) But that would be a step too far. By Travelers' own admission, New York law only permits it to seek fees "reasonably incurred . . . after the [insurer's] refusal" to indemnify it. (*See* Def.'s Opp. at 18 (quoting *Nat'l Union Fire. Ins. Co. of Pittsburgh v. Greenwich Ins. Co.*, 103 A.D.3d 473, 474 (1st Dep't 2013)). As NorGUARD issued its refusal on August 25, 2022, Pl.'s R. 56.1 Stmt. ¶ 37, Travelers is ineligible to receive any reimbursement prior to that date.

## V. CONCLUSION

For the foregoing reasons, Travelers' motion for summary judgment is GRANTED IN PART as to its claims for indemnification and DENIED IN PART as to its calculation of costs. The parties are DIRECTED to confer regarding an appropriate calculation of costs and to advise the court in writing of that discussion's outcome by December 3, 2025. NorGUARD's motion for summary judgment is DENIED IN FULL.

SO ORDERED.

Dated: Brooklyn, New York
November 3, 2025

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge