UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

                Plaintiff,

-against-

NORGUARD INSURANCE COMPANY,

                Defendant.

MEMORANDUM & ORDER
23-CV-7272 (NGG) (CHK)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is an indemnification lawsuit brought by the Travelers Indemnity Co. of America ("Travelers") against NorGUARD Insurance Company ("NorGUARD"). Both parties have filed motions asking the court to reconsider its order granting in part Travelers's motion for summary judgment and denying in full NorGUARD's motion for the same. (*See* Def.'s Mot. for Recons. ("Def's Mot.") (Dkt. 41-1); Pl.'s Mot. for Recons. ("Pl.'s Mot.") (Dkt. 42-1); Mem. & Order Granting in Part Travelers's Mot. for Summ. J. & Denying NorGUARD's Mot. for Summ. J. ("Order") (Dkt. 40)). Because both parties fail to present an issue previously before the court that it overlooked, their motions are both DENIED.

I.   BACKGROUND[1]

In June 2025, both NorGUARD and Travelers filed cross-motions for summary judgment. (Def.'s Mem. for Summ. J. ("Def.'s Summ. J. Mem.") (Dkt. 33-1); Pl.'s Mem. for Summ. J. ("Pl.'s Summ. J. Mem.") (Dkt. 36).) NorGUARD argued that the case was unripe. (Def.'s Mem. for Summ. J. at 6-8.) Even so, it also

---

[1] The court assumes familiarity with the facts and procedural history leading up to its summary judgment order. For a more fulsome treatment of that context, see Order at 1-3.

argued that the insurance policy in dispute (the "NorGUARD Policy") did not cover the underlying accident at issue: a workplace incident injuring Andres Lopez. (*Id.* at 9-11.) Travelers argued that the NorGUARD Policy did cover the accident. (Pl.'s Summ. J. Mem. at 13-22.) It reasoned that NorGUARD must cover Travelers's legal costs for Lopez's lawsuit seeking compensation for his injuries (the "Underlying Lawsuit"). (*See id.*) By Travelers's count, NorGUARD should be on the hook for all its defense costs starting from September 13, 2021—the day it notified NorGUARD that it intended to enforce the NorGUARD policy. (*See id.* at 9; Def.'s Resp. in Opp. to Pl.'s Mot. for Summ. J. ("Def.'s Opp.") (Dkt. 34) at 10.)

The court agreed with Travelers, but only in part. It concluded that the NorGUARD Policy covers the accident, meaning that NorGUARD must pay Travelers's defense costs in the Underlying Lawsuit. (Order at 7-10.) But instead of rewarding those costs from the day that Travelers notified NorGUARD of its intent to enforce the policy—September 13, 2021—it did so from the day that NorGUARD made the incorrect determination that the NorGUARD Policy did not apply to Lopez's accident. (Order at 12 (citing *M & M Realty of N.Y. v. Burlington Ins. Co.*, 170 A.D.3d 407, 408 (1st Dep't 2019); *Colony Ins. Co. v. Merchs. Preferred Ins. Co.*, No. 19-CV-4409 (ENV) (SJB), 2021 WL 12102078, at *8 (E.D.N.Y. June 20, 2021); *Travelers Indem. Co. of Conn. v. Selective Fire and Cas. Co.*, 664 F. Supp. 3d 427, 437 (S.D.N.Y.

2023)).) The court explained that NorGUARD made that determination on August 25, 2022, when it denied Travelers's request for coverage in writing.[2] (*Id.* at 12.)

Both parties now take issue with the court's order and have filed cross-motions for reconsideration. (*See* Pl.'s Mot.; Def.'s Mot.) The court addresses each in turn.

## II. LEGAL STANDARD ON MOTION FOR RECONSIDERATION

The standard for granting a motion for reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) ("A motion for reconsideration is an extraordinary request that is granted only in rare circumstances."). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257; *see Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").[3] Reconsideration "is not a vehicle for relitigating old

---

[2] The court also concluded that, for Travelers to receive its award from NorGUARD, it would need to "show its work" with respect to damages (Order at 12.) Put otherwise, Travelers would need to justify its requested reward amount with documentary evidence of its costs beyond a mere affidavit attesting to the total amount owed. (*Id.* (citing *Travelers Indem. Co. of Conn. v. Selective Fire and Cas. Co.*, 664 F. Supp. 3d 427, 437 (S.D.N.Y. 2023).) Travelers, however, does not appear to challenge that portion of the court's order. (*See* Pl.'s Mot.) Thus, the court addresses it no further in this opinion.

[3] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

## III. DISCUSSION

NorGUARD and Travelers both present new legal theories to the court that they did not discuss in their summary judgment briefing. Thus, both their motions fail. *See id.*

### A. NorGUARD's Motion

NorGUARD urges the court to "deny Travelers'[s] motion for summary judgment on its indemnification claim."[4] (Def.'s Mot. at 1.) Principally, it thinks that the court "overlook[ed] a critical distinction between two separate and independent obligations imposed upon insurers: the duty to defend and the duty to indemnify." (*Id.*) The duty to defend, NorGUARD notes, is "broad" and "exists irrespective of the ultimate merits of that action, provided there is a reasonable possibility of recovery on the part of the insured." (*Id.* at 1-2 (citing *One Reason Rd., LLC v. Seneca Ins. Co., Inc.*, 163 A.D.3d 974, 976 (2d Dep't 2018).) By contrast, NorGUARD states that the "far more limited" duty to indemnify "arises only after liability has been established and only with respect to losses within the scope of coverage." (*Id.* at 2 (citing *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 310 (1984).)

---

[4] Separately, NorGUARD "expressly reserves its right" to challenge two other portions of the court's order, namely (1) the court's denial of NorGUARD's own motion for summary judgment and (2) its ruling regarding "Travelers'[s] motion for summary judgment seeking defense costs." (Pl.'s Mot. at 1 n.1.) Indeed, since filing its motion for reconsideration, NorGUARD has filed a notice of appeal from the Order. (*See* Notice of Appeal as to Order on Mot. for Summ. J. (Dkt. 44).)

Thus, under NorGUARD's theory, "while the duty to defend attaches at the start of litigation based on the possibility of coverage, the duty to indemnify attaches only upon a final determination of actual coverage." (*Id.*)

That distinction is meaningful, according to NorGUARD.[5] It states that the court erred by relying on representations from the Underlying Lawsuit's complaint, which concerned "maintenance and control of the premises." (*Id.* at 3 (citing Order at 10).) NorGUARD posits that those representations only meet the standard to trigger a duty to defend, not a duty to indemnify. (*Id.*) To refute the latter duty, NorGUARD claims that it presented "substantial evidence refuting . . . control of the premises when the alleged accident occurred."[6] (*Id.* at 3-4 (listing portions of the summary judgment record and citing its Rule 56.1 statement).)

NorGUARD also contends that the court erred in determining that the liability of Five Star Associates, the owner of the underlying property, "is immaterial." (*Id.* (quoting Order at 9).) NorGUARD then cites cases discussing "additional insured" entities—like Five Star Associates here. (Def.'s Mot. at 4) It claims that those cases "hold, depending on the policy language" that coverage for additional insured parties "applies only when [they] face[] vicarious liability for the named insured's negligence." (*Id.* at 4-5 (collecting cases).)

---

[5] To be sure, NorGUARD never actually explains what the duty to defend requires. (*See* Pl.'s Mot. at 4.) The court, however, assumes that under NorGUARD's theory the duty does not include indemnification, notwithstanding that it declined to defend the Underlying Action itself. (Order at 3 (citing Pl.'s R. 56.1 Stmt. ¶ 37).)

[6] NorGUARD then posits that the court erroneously "resolv[ed] the structural alterations exclusion at summary judgment." (*Id.* at 4.) It contends again that the court improperly "cited cases addressing only the duty to defend, which turn on the pleadings, not the duty to indemnify." (*Id.* at 4 (citing Order at 10-11).)

Finally, NorGUARD disputes the court's conclusion that the NorGUARD Policy provides primary coverage over the Travelers Policy. (*Id.* at 5.) It states that the court "failed to conduct" an adequate comparison of the NorGUARD Policy and Travelers's own insurance policy's (the "Travelers Policy") clauses cognizing "other insurance" policies. (*Id.*) NorGUARD claims that the two policies' clauses "are irreconcilable" and therefore "cancel each other out." (*Id.*) Thus, it concludes that "defense and indemnity must be apportioned pro rata." (*Id.* (citing *Peerless Ins. Co. v. Tech. Ins. Co., Inc.*, 392 F. Supp. 3d 313, 319 (E.D.N.Y. 2019), *aff'd*, 829 F. App'x 549 (2d Cir. 2020) (summary order)).)

NorGUARD misapprehends the standard for reconsideration. Time and time again, courts in this district have explained that "a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration." *E.g.*, *E. Coast. Res. v. Town of Hempstead*, 707 F. Supp. 2d 401, 413 (E.D.N.Y. 2010); *Lennon v. Suffolk Transp. Serv., Inc.*, No. 14-CV-4999 (LDW) (ARL), 2015 WL 6985477, at *1 (E.D.N.Y. Nov. 6, 2015); *Smith v. Cnty. of Nassau*, No. 10-CV-4874 (MKB) (ETB), 2013 WL 3863918, at *2 (E.D.N.Y. July 24, 2013); *Lynch v. Southampton Animal Shelter Found., Inc.*, No. 10-CV-2917 (ADS) (ETB), 2013 WL 1563468, at *1 (E.D.N.Y. Apr. 12, 2013); *Richards v. N. Shore Long Island Jewish Health Sys.*, No. 10-CV-4544 (LDW) (ETB), 2013 WL 950625 at *1 (E.D.N.Y. Mar. 12, 2013).

NorGUARD already raised its purported distinction between the duty to defend and to indemnify in its opening and reply briefs in support of summary judgment. (*See* Def.'s Summ. J. Mem. at 5-6; Def.'s Reply in Further Supp. for Summ. J. ("Def.'s Summ. J. Reply") (Dkt. 35) at 1-2.) It did so to buttress its theory that Travelers's claims are unripe. (*See id.*) But the court readily rejected that argument. (*See* Order at 7.) Thus, it cannot raise the same

again on reconsideration. *See Town of Hempstead*, 707 F. Supp. 2d at 413.

Still, it seems that NorGUARD has repackaged its ripeness argument into a theory that Travelers has failed to establish NorGUARD's duty to indemnify at all. (Def.'s Mot. at 3.) Even assuming the court considered this reframing to be a distinct argument, "[a] party may not assert . . . a new legal theory on a motion for reconsideration." *Yany's Garden LLC v. City of New York*, No. 18-CV-2813 (EK) (RML), 2020 WL 5231983, at *4 (E.D.N.Y. Sept. 2, 2020) (citing *Analytical Survs.*, 684 F.3d at 52; *see Gold v. Deutsche AG*, 365 F.3d 144, 149 n.4 (2d Cir. 2004)); *Ayyaz v. Thaler*, No. 19-CV-1412 (LTS) (SN), 2022 WL 837058, at *3 (S.D.N.Y. Mar. 21, 2022) (collecting cases from both the Southern and Eastern Districts of New York).

NorGUARD's remaining arguments similarly fail. It already raised its vicarious-liability argument in its reply brief supporting its summary judgment motion. (Def.'s Summ. J. Reply at 6-7.) And although the court did not expressly discuss that argument in detail, "there is no requirement for a court to specifically address each and every argument raised by a party" in its summary judgment briefings. *Bertuzzi v. Copiague Union Free Sch. Dist.*, No. 17-CV-4256 (JS) (ARL), 2023 WL 6211002, at *5 (E.D.N.Y. Sept. 25, 2023) (quoting *Miller v. Metro. Life Ins. Co.*, No. 17-CV-7284 (AT) (SN), 2018 WL 5993477, at *5 n.5 (S.D.N.Y. Nov. 15, 2018)). So too for NorGUARD's argument that the "other insurance" clauses "cancel each other out." (Def.'s Mot. at 5.) That argument also largely repeats the same one that is in NorGUARD's reply brief. (*See* Def.'s Summ. J. Reply at 9-10.) Thus, NorGUARD impermissibly "offer[s] the same arguments" that it did on summary judgment. *See Town of Hempstead*, 707 F. Supp. 2d at 413.

At core, NorGUARD seeks a mere "second bite at the apple" through its motion for reconsideration. *See Analytical Survs.*, 684

F.3d at 52 (quoting *Sequa Corp.*, 156 F.3d at 144). Thus, the court denies its motion.

### B. Travelers's Motion

Travelers asks the court to reconsider its ruling obliging NorGUARD to reimburse Travelers for defense costs only after NorGUARD tendered its refusal to cover Travelers. (Pl.'s Mot. at 5.) Travelers instead contends that it is entitled to reimbursement from the date that it first requested indemnification. (*Id.* at 1.) There are two reasons why, according to Travelers. First, it claims that the court overlooked material facts which demonstrate that "under the circumstances of this case," departure is warranted from the general rule that provides reimbursement only from the date that the insurer refuses coverage. (Pl.'s Mot. at 2 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Greenwich Ins. Co.*, 103 A.D.3d 473, 474 (1st Dep't 2013).) Travelers surmises that the "circumstances" of *National Union*—a case obliging payment from the date of notice— "base[d] the right of reimbursement on common law breach of the covenant to defend." (*Id.* at 4.) Travelers, however, does not base its claim here on such a breach. (*Id.* (basing its claim instead on the "theory of equitable contribution").) Thus, it concludes that *"National Union*'s framework for entitlement of reimbursement of defense costs is thus limited to *National Union*." (*Id.*)

Second, Travelers broadly claims that "a liability insurer who breached the duty to defend generally will be liable for defense costs from the time that the duty . . . was triggered." (*Id.* at 4-5 (collecting cases).) That trigger, according to Travelers, is "the date of tender" by the insured of a request for indemnification. (*Id.* at 5 (collecting cases).)

Travelers, like NorGUARD, misapplies the standard for reconsideration. It cites no portion of its summary judgment briefing making the arguments that it currently presents on reconsideration. (*See id.* at 4-5.) Indeed, as the court explained in its

summary judgment order, Travelers's own citation to a portion of *National Union* supports the courts position that it should only receive costs "after the carrier's refusal" to defend it. (*See* Order at 12 n.10 (citing Def.'s Opp. at 18).) Thus, Travelers cannot now raise "a new legal theory on a motion for reconsideration." *See Yany's Garden*, 2020 WL 5231983, at *4 (citing *Analytical Survs.*, 684 F.3d at 52; *Gold*, 365 F.3d at 149 n.4). The court therefore declines to consider Travelers's arguments any further and denies its motion for reconsideration.[7]

## IV. CONCLUSION

In sum, the court DENIES NorGUARD's and Travelers's motions for reconsideration.

SO ORDERED.

Dated:   Brooklyn, New York
         December 17, 2025

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

---

[7] Similarly, Travelers filed a "Letter for Request for Judicial Notice" that discussed *The Travelers Indem. Co. v. Hudson Excess Ins. Co.*, 24-CV-7582 (JSR), 2025 WL 3241188 (S.D.N.Y. Nov. 20, 2025). (Letter for Request for Judicial Notice by Travelers (Dkt. 46).) In that letter, Travelers notes that the *Hudson Excess* court "reject[ed] Hudson's argument that Travelers was entitled to recover defense costs incurred only as of the date Hudson disclaimed coverage." (*Id.* (citing *Hudson Excess Ins.*, 2025 WL 3241188, at *4-5).) This unpublished case from a neighboring district court, however, is not "an intervening change of *controlling* law." *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (emphasis added). Thus, as the controlling law has not changed, the motion for reconsideration is denied.